IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-753-BO

| EDNA WYNDER ROYAL, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) ORDER |
| THE GOODYEAR TIRE & RUBBER COMPANY, TONY WOODS, JAMES JILES, KEVIN ROBINSON, and LOUIS BYRD, | ) |
| Defendants. | ) |

This matter is before the Court on the plaintiff's motion to remand this action to Cumberland County Superior Court [DE 35]. For the reasons stated herein, the motion to remand is GRANTED.

## BACKGROUND

This is an employment dispute that was removed to this Court from Cumberland County Superior Court. The plaintiff named as defendants her former employer, Goodyear Tire & Rubber Company, and several individuals, Tony Woods, James, Giles, Kevin Robinson, and Louis Byrd. The plaintiff has alleged that the individual defendants intentionally induced Goodyear to terminate her employment. For various reasons, the defendants allege that the individual defendants have been improperly joined in this matter.

## DISCUSSION

The plaintiff asks that the Court remand this case to Cumberland County Superior Court because this suit does not meet the requirements for federal diversity jurisdiction. Diversity jurisdiction requires both an amount in controversy exceeding $75,000, and absolute diversity of

1

citizenship between plaintiff and defendants. 28 U.S.C. § 1332 (2005). In this case plaintiff is a citizen of North Carolina and alleges that defendants Tony Woods and Louis Byrd are also residents of that state. The defendants counter that Tony Woods and Louis Byrd have been fraudulently joined in this matter for the purpose of destroying diversity and precluding this Court from presiding over the matter.

When parties have been fraudulently joined, diversity jurisdiction may be found notwithstanding the shared citizenship of certain plaintiffs and defendants. *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). The party opposing remand on a fraudulent joinder theory must demonstrate that either: (1) there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or (2) there has been outright fraud in the plaintiff's pleading of jurisdictional facts. *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)(internal quotation marks omitted). In evaluating the propriety of a remand the court is not confined to the pleadings presented to it, but may consider the entire record available to it. *AIDS Counseling & Testing Ctr's v. Grp. W. Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990). The Fourth Circuit has made it clear that a defendant

> Alleging fraudulent joinder bears a heavy burden – it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor. This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) . . . Once the court identifies [a] glimmer of hope for the plaintiff, the jurisdictional inquiry ends.

*Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424-26 (4th Cir. 1999) (citations omitted). In considering a motion to remand the Court keeps in mind that a plaintiff's right to select her forum trumps a defendant's right to remove. *Griffin v. Holmes*, 843 F.Supp. 81, 84 (E.D.N.C. 1993).

2

Here, the defendants argue that defendants Woods and Byrd were fraudulently joined. In their brief, defendants state that Woods and Byrd are not properly in this case because the plaintiff cannot state a claim of tortious interference against these individual defendants. After reviewing the defendants' brief the Court finds that they overstate their argument for fraudulent joinder by attempting to apply a standard akin to the 12(b)(6) standard to a motion for remand. This is the incorrect standard. Of course the correct standard requires this Court to remand when the plaintiff has only a "glimmer" of hope. The plaintiff's citation to *Barker v. Kimberly-Clark Corporation*, 136 N.C.App. 455 (2000) satisfies the Court that she in fact has shown such a glimmer in this case.

In *Barker v. Kimberly-Clark Corporation,* the North Carolina Court of Appeals clarified the position of non-outsiders in relation to claims for tortious interference with contract. Non-outsiders, often managers, are labeled as such because it is presumed that they are acting on behalf of the employer and, therefore, are not complete "outsiders" to the contract. Specifically, the *Barker* court stated, "It is true that non-outsiders often enjoy qualified immunity from liability for inducing their corporation or other entity to breach its contract with an employee. However, non-outsider status is pertinent only to the question of whether defendant's action was justified." *Barker*, 136 N.C.App. at 462 (internal citations omitted). The court continued that this privilege may be lost depending on the motives of the non-outsider. *Id.*

Here, the defendants argue that the individual managers were non-outsiders because their actions against the plaintiff were directly related to her job performance and, therefore, they were acting on behalf of the employer. As such, defendants argue, these individual managers are entitled to immunity. However, the plaintiff's affidavit alleges, among other things, that Tony Woods, "started monitoring my computer. He did not do this to other employees. He was not

3

supposed to access my computer." These allegations alone suggest that defendant Woods was acting outside the scope of his employment and beyond the interest of his employer. This may form the basis for denying defendant Woods immunity as a non-outsider.

The defendants would like this Court to adhere to a standard that is different from the remand standard. The Court makes no comment about whether the plaintiff's claim would successfully defeat a 12(b)(6) motion. Rather, the Court finds that the plaintiff has established a glimmer of hope that her claim against the individual managers could be successful. That is all that is needed to defeat the defendants' removal to this Court. The remainder of defendants' brief asks the Court to wade too deeply into the weighing and analysis of parties' factual allegations.[1] The plaintiff has selected her forum and the Court finds no compelling reason to disturb that selection in favor of the defendants.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion to remand is GRANTED. This matter is REMANDED to the Cumberland County Superior Court and the clerk is DIRECTED to close the file.

SO ORDERED.

This the 2nd day of July, 2013.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] *See Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999)(noting that the court should not "delve too far into the merits in deciding a jurisdictional question).